No. 8691.

MRS. MAGDALENA MAYER VS. LOUIS STAHR.

HERMANN POHLMANN, INTERVENOR.

The jurisdiction of this Court attaches to a suit in which one thousand dollars and interest and five per cent. attorney's fees thereon are claimed.  The fees do not grow out of the capital and are no interest thereon.  They constitute a distinct item of indebtedness.

An intervenor has no right to substitute himself to a defendant, and raise issues not set up by him; particularly, where he is a third possessor, acquiring real estate, mortgaged with the pact *de non alienando*, for the payment of a sum of money, and has legal notice of the mortgage and pact.

Such intervenor cannot require security against the appearance of the lost mortgage note, where defendant did not ask the same.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Sambola & Ducros* for Plaintiff and Appellee.

*Wm. R. Mills* for the Intervenor and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　This is an action on a lost mortgage note for one thousand dollars, with eight per cent. interest since maturity and five per cent. attorney's fees.

The defendant, who is the drawer and mortgagor, having failed to answer, a default was entered against him.

A party claiming to own the mortgaged property appeared in the suit, both by answer and petition of intervention, in which it is claimed:

1.　That the property cannot be sold to satisfy the mortgage debt, unless security be given to guard against the appearance of the lost note.

2.　That the attorney's per centage cannot be demanded, because of an offer to pay the note in capital and interest, made previous to suit, provided the security was furnished.

The intervenor calls his vendor in warranty who, answering, denies all liability and any right of interference by the intervenor.

There was judgment rejecting the intervention and condemning the defendant to pay plaintiff's claim, capital and interest and attorney's fees, with costs of suit.

From this judgment the intervenor has appealed.

The plaintiff and appellee suggests want of jurisdiction in this Court over the matter at issue.

The claim is made up of two distinct amounts, each constituting a capital of itself: *first*, that of the note, which is one thousand dollars, with the accruing conventional interest thereon ; and, *second*, that of the attorney's fees, which cannot be less than fifty dollars.　The interest grows from the capital of the note and is an accessory thereto. The fees do not grow from that capital, are no interest upon it, but constitute a distinct debt, created by contract, contingent upon the happening of an event, the case of non-payment at maturity of the debt secured by mortgage.　26 An. 61 ; 14 An. 35.　The demand at the date of the institution of the suit exceeded one thousand dollars in capital, exclusive of interest.　That fact settles the question of jurisdiction adversely to appellee.

### ON THE MERITS.

The record presents no issue whatever between the plaintiff and the defendant, who did not even answer and against whom a default was entered.　The defendant did not therefore ask that the plaintiff be

ordered to give security under the provisions of Article 2279 of the Civil Code.

On proper proof of the issuing of the note by the defendant, of the securing of the payment thereof by mortgage by him, with the clause *de non alienando*, of the loss and advertising of the same, of the continued acknowledgments, renewals and promises to pay by the defendant, the court condemned him to pay the note, with interest, and also the attorney's fees mentioned in the mortgage act, which was duly and' seasonably recorded.

The only question which presents itself, after all, is simply: whether the intervenor can substitute himself to the defendant and, in any form, either by answer or petition of intervention, set up defenses which the defendant, although cited, has not thought proper to raise.

The facts are, as to the intervenor, that the defendant, after mortgaging the property, transferred it to his wife, who next sold it to the intervenor, in whose act of purchase the mortgage now sought to be enforced is mentioned expressly, from the recitals of the accompanying certificate of mortgage.

It is well settled, as stated by the intervenor, that the third possessor of property mortgaged with the clause of *de non alienando*, has the same rights, no more, no less, against the mortgagee as are possessed by the original mortgagor; 4 An. 326; 2 An. 458; but it does not follow from that doctrine that where a mortgagor is cited and a personal judgment is asked against him for the debt secured and he refuses, by his silence, to ask security under the article cited, the third possessor, whom the mortgagee is authorized altogether to ignore, can set up such demand.

The third possessor, in the case before the Court, has made himself both a defendant and an intervenor, praying for the relief already stated.

It is settled that, under the provisions of the Code of Practice, Art. 389, an intervenor cannot, without the consent of plaintiff, substitute himself in the place and stead of the defendant. 19 An. 462.

Indeed, an intervention is a demand by which a third person requests to be permitted to become a party to a suit between other persons, by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both.

A demand in intervention is but an accessory to the main action. 14 An. 427.

The intervenor cannot change the issue between the parties, plaintiff and defendant, and can raise no new one. His rights, on a proper

interest being shown, are confined to joining or resisting either the plaintiff or the defendant, or to opposing both.

The intervenor in this case has done neither of these things.    He raises a defense which the defendant has not made and calls in a party not connected with the suit by plaintiff against the defendant.

· The case is particularly so when the intervenor himself shows that he stands in the lieu and stead of the defendant, who is his vendor's author, by whose acts and admissions he is conclusively bound, by reason of the pact *de non alienando.*    18 L. 5; 7 An. 145; 12 An. 56; 22 An. 258; 32 An. 287; C. C. 2557.

The object of such a convention is to authorize the creditor to proceed against the debtor and the property as if no change of ownership had occurred, and without connecting the third possessor with the proceeding.    15 L. 268; 10 R. 54; 4 An. 325; 8 An. 58; 33 An. 217; R. S. 3188, 3189.

We find no error in the judgment appealed from, which is affirmed with costs.

Rehearing refused.