# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1884.

THOMAS J. RAGLAND ET AL. v. MARY WISROCK ET AL.

(Case No. 5076.)

1. NEW TRIAL — VERDICT.— When a verdict is rendered on conflicting evidence, and the district court enters judgment thereon, and has refused a new trial, the supreme court will not disturb the verdict unless it is without sufficient evidence to support it, or so decidedly against the preponderance of evidence as to show that the jury did not give the case due consideration.

2. FRAUD — MARRIED WOMAN — DEED.— A deed absolute in form, as a conveyance of the fee, was procured from a married woman, who signed and acknowledged the same with her husband, and which purported to convey her homestead. She was unable to read. The husband was at the time in debt to the purchaser, and there was evidence showing that the wife believed the instrument she signed was to secure its payment, of which fact the grantee had actual and constructive notice, he designing to treat it as a deed absolute to himself. Held, that no estate was conveyed by the deed.

3. PRACTICE — INTERVENTION.— A petition of intervention, when improperly filed, may be dismissed on motion as well as upon demurrer. If the petition of intervention shows a cause of action on which the intervenor may recover in any suit, but defectively stated, a demurrer affords the remedy to one adversely interested; but when the cause of action, though good, does not authorize an intervention in the particular suit, a motion to dismiss is proper.

4. PRACTICE — INTERVENTION.— An intervention, which in its consequences, if the intervenor should prove successful, would result in postponing the determination of the cause as between the original parties, will not be allowed. Hence, one who claims a small undivided interest in the land involved in a suit, and also an interest besides in the survey of which it formed a part, not involved in the litigation, and in which the plaintiff claims no interest, should not be allowed to intervene. To allow it would result in complicating the case by producing new parties and causes of action. Since the judgment could not affect the rights of the intervenor, he should resort to an independent action.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

On the 29th day of November, 1881, appellant, Thomas J. Rag-land, filed petition in trespass to try title against Mary Wisrock, Frank, John, Joseph and Lizzie Wisrock, Christina Witzer and her husband, Nicholas Witzer, Barbara Reitz and her husband, John Reitz, for the recovery of two hundred acres of land in a square out of the northeast corner of the George Greere survey of six hundred and forty acres in Tarrant county, which was particularly described. The court was asked to appoint a guardian *ad litem* for Joseph and Lizzie Wisrock, who were allleged to be minors. The plaintiff gave bond, and a writ of sequestration issued and was executed, and the defendants failing to replevy, the plaintiff gave his replevin bond, and acquired the possession of the land.

The defendants answered by general demurrer, general denial and plea of not guilty. Hyde Jennings, who had been appointed guardian *ad litem* for Joseph and Lizzie Wisrock, answered, adopting the answer of their co-defendants. Maria James, guardian of Menard James, a lunatic, filed a motion to be allowed to intervene, which was granted, and on the 2d day of March, 1882, Maria James, by her attorney, filed a petition of intervention as against plaintiff and the defendants, and also against Nicholas and Mike Wisrock, claim-ing in substance that the ward, Menard James, was the owner in fee, and entitled to the possession, of an undivided one-sixth interest in the George Greere survey of six hundred and forty acres, and alleged that the defendants and Nicholas and Mike Wisrock claimed the whole of the survey, and that plaintiff Ragland claimed two hun-dred acres thereof in the northeast corner of the survey, and asked for judgment for the one-sixth interest.

Plaintiff filed an answer to this plea of intervention on May 12, 1882.

1st. Denying that intervenor had any interest in said land.

2d. Alleging that if the intervenor had any interest, the same should not be set apart out of the two hundred acres claimed by plaintiff, because plaintiff purchased and had a warranty deed to it from Nicholas Wisrock, deceased, and his widow, the defendant Mary Wisrock. That said Mary and the other defendants were the widow and heirs of Nicholas Wisrock, deceased, and were the owners as such of the remaining four hundred and forty acres, and that the share of the intervenor could be set aside out of the four hundred and forty acres without prejudice to intervenor's rights.

On May 5, 1882, the defendants filed an answer to the plea of inter-vention, consisting of —

1st. A motion to strike the same out, because said plea sought to

---

---

introduce new matter into the suit, and attempted to convert the suit from an action of trespass to try title to one of partition, and because it was not shown that .intervenor's rights would be prejudiced by this suit.

The court sustained the motion to strike out, and dismissed the intervenor, to which she excepted.

1st. That the said two hundred acres of land described in the deed from Wisrock and wife to Ragland was intended as a mortgage to secure him, Ragland, in the payment of the sum of money mentioned in the deed, and therefore void.

2d. That the deed was procured by fraud from Mary Wisrock; she believing at the time she executed the deed that it was a mortgage to two hundred acres of land out of the south end of the Greere survey, and not the homestead, and therefore void.

The validity or invalidity of the deed from Nicholas Wisrock and wife to plaintiff Ragland was the main question in the case. The jury found a verdict in favor of the defendants, and judgment was accordingly rendered that plaintiff take nothing by reason of his suit.

It will be seen from the opinion that the evidence was strangely conflicting. Enough is stated in the opinion to illustrate the principles announced.

*J. Y. Hogsett,* for appellant, cited: Brewster *v.* Davis, 56 Tex., 478, and authorities there cited; also, Rupard *v.* Coombes, Austin term, 1883, and Walker *v.* Weaver (not yet reported); Pars. on Con., vol. 2, p. 564, note E; Parker *v.* Beavers, 19 Tex.; 406; Story's Eq. Jur., § 190a; id., § 157; Wait's Act. and Def., vol. 4, pp. 518–19; Pars. on Con., vol. 2, p. 564, note 1; Pool *v.* Chase, 46 Tex., 210; Williams *v.* Pouns, 48 Tex., 141.

*Hyde Jennings* and *Ball & McCart,* for appellees, cited: Davis *v.* Kennedy, 58 Tex., 516; Wiley *v.* Prince, 21 Tex., 637; M. S. Cole *v.* Wm. Bummel, Galveston term, 1884; Carter *v.* Carter, 5 Tex., 93; Loving *v.* Milliken, Austin term, 1883 (59 Tex., 423); Texas Law Reporter, vol. 2, p. 75; Stampers *v.* Johnson, 3 Tex., 4; Hone *v.* Puckett, 22 Tex., 205; 9 Tex.; 522; 12 Tex., 110; 13 Tex., 49; 16 Tex., 137; 18 Tex., 666; 45 Tex., 450; 47 Tex., 159; 49 Tex., 458; 50 Tex., 435; 51 Tex., 261; 52 Tex., 543; 53 Tex., 42.

WILLIE, CHIEF JUSTICE.— The only question of any importance between appellees and the appellant Ragland, presented for our decision, is as to the validity of the deed made to the latter by Nicho-

las and Mary Wisrock, which purported to convey the land in controversy.

If this was a regular deed of conveyance, duly and legally executed by the grantors named in it, and acknowledged properly by Mary Wisrock privily and apart from her husband, then the judgment below was erroneous and must be reversed.

If, on the other hand, Mrs. Wisrock had good reason to suppose, from all the facts and circumstances surrounding the transaction, and did suppose, that the instrument she was executing was a mortgage; or if through fraud she was induced to believe that the instrument did not convey her homestead — the property described in it,— and these facts or either of them were known to Ragland at the time, or before he paid the consideration, the deed is of no effect as a conveyance of the homestead.

The ignorance as to the character of the instrument, or the fraud which brought about its execution, must concur with notice either actual or constructive on the part of the grantee, in order to avoid the deed, if it is properly certified to by the officer taking the separate acknowledgment.   Coles v. Bammel, 3 Tex. L. R., 146; Davis v. Kennedy, 58 Tex., 516.

To this effect was the charge of the court below, and the verdict reached by the jury under such charge must stand if there is sufficient evidence to justify the instructions.

The evidence upon these important points is so conflicting as to be wholly irreconcilable.   In such cases it is not our province to set aside the verdict of a jury who heard the evidence as delivered by the witnesses, and the ruling of the judge, who, having the same privilege, has refused a new trial.   The only exceptions to this rule are where the verdict was without sufficient evidence to support it, or so decidedly against the preponderance of proof as to show that the jury did not give the cause a due consideration.   It matters not that in any particular case we would have found directly contrary to what the jury did, upon the facts brought before us in the record. We do not learn these facts from the mouths of the witnesses.   Perhaps if we did, and could see the manner in which they were examined, and the circumstances surrounding them at the time they testified, we should agree with the jury and decide directly to the contrary to what we would if the same facts come to us on paper alone.

In this case we cannot say that the verdict is not sufficiently supported by the evidence, or that it is so decidedly against the weight of the testimony as to warrant us in setting it aside.

It was proved by plaintiff's witnesses that Nicholas Wisrock, the husband, was, previously to the execution of the instrument, indebted to Ragland in something over $2,000, and to one Hart in a still larger sum. That he was anxious to pay Hart, and applied to Ragland to get the money with which to make the payment. He proposed to Ragland that if he would take up Hart's debt that he (Wisrock) would give him a lien upon the land incumbered by that debt; and would also secure the balance due the latter by a lien upon the land in controversy. Ragland was not willing to do this, but was willing to take a deed for the Hart land and pay off the Hart note, and to take a deed for two hundred acres out of the Green survey and give up the notes he already held against Wisrock, and allow him to redeem the land at any time by paying the purchase money and interest. All this occurred on the day before the deed was signed.

Here, then, are the circumstances of a previous indebtedness, and a negotiation for a loan, and the old and the new debt to be secured by mortgages. These are considered as important facts in determining that an instrument subsequently executed was a mortgage, and not a sale. Loving v. Milliken, 59 Tex., 423.

As no absolute sale of the homestead had been agreed upon or even talked of before the parties went to Ft. Worth the next day, Mrs. Wisrock could not have gone there with the intention of making such a sale, nor could Ragland have supposed that such was her intention. In fact it is proved that she never had such a design, and that he thought it doubtful whether or not she could be induced to sign such a conveyance.

If the defendant's witnesses are to be believed, no change in the nature of the transaction was agreed upon between the parties after they reached Ft. Worth and down to the time of the execution of the deed. Their statements tend to show that, with the offer made by Ragland still open, Mrs. Wisrock signed the deed, protesting that she did not or would not sign away her homestead, and without any explanation of the deed having been made to her by the officer taking her acknowledgment. They also state that the agent of appellant was present at the time and was a witness to her protest against signing away her homestead, and to the failure of the officer to explain the deed to her.

It is true that all these statements are directly contradicted by appellant's witnesses, who say that the trade was, at the instance of Ragland's attorney, changed to an absolute sale; that the deed was explained to Mrs. Wisrock, and that she professed to understand it;

and that neither Ragland's agent nor any of these witnesses who were present heard her expressions of unwillingness to sign away her homestead.

But this is a question of veracity which the jury have settled in favor of the appellees, and we have no authority to interfere with that decision.

Even if the appellant agreed with Wisrock upon a change of instruments after they got to Ft. Worth, this fact does not appear to have been made known to his wife. Indeed, her expression that she would not sign away her homestead shows that she either did not know of the change or did not acquiesce in it.

. Add to the above circumstances the fact that Mrs. Wisrock was unable to read or write and wholly unacquainted with the meaning of legal instruments; the fact that the grantors remained in possession after the execution of the instrument, and paid interest on the purchase money; also the fact that Ragland used expressions before the deed was signed showing that he expected his agents to overreach Mrs. Wisrock in the transaction, and afterwards to the effect that they had done so, and that he expected the grantors to remain in possession as long as they paid interest on their debt to him, and we think there is proof enough that Mrs. Wisrock believed that she was signing a mortgage and not a deed, and that Ragland or his agents, or perhaps both, knew that she was deluded by this false idea into executing the instrument. We do not regard the making of the lease as showing the transaction to be an absolute sale. Interest frequently assumes the appearance of rent in such transactions, and it is positively stated by one of the defendants that the money paid under the lease was paid as interest. The lease was surrendered long before its expiration upon the payment of one year's interest then about due.

The fact, too, that Wisrock, after the deed was executed, applied for a defeasance, is strong proof to show that it was the understanding of the grantors that such an instrument was to be given them. We do not look upon it as a case where both parties intended a mortgage and cloaked their design under the garb of an absolute conveyance. But it is a case, under defendant's evidence, where a married woman executed an absolute conveyance, thinking it a mortgage, and not having the instrument properly and fully explained to her, of which fact the grantee had actual or constructive notice, he designing to treat it as a deed in fact as well as in appearance. It is hardly probable that Ragland would have agreed with the Wisrocks for a mortgage on their homestead — a void

security,— but it is probable that in order to induce the wife into a separate acknowledgment, he would permit her to believe that this was its character and effect.

Taking all the facts as sworn to by the defendant's witnesses to be true — and we are bound to so consider them under the verdict of the jury,— we think there was sufficient evidence to justify the verdict, and we see no good ground for a reversal of the judgment.

As to the action of the court in refusing to suppress Hart's depositions, it is sufficient to say that we are not informed, by bill of exceptions or otherwise, what was the trade inquired about in the direct interrogatory to this witness. This direct interrogatory is not brought before us, and we cannot tell from the statement of facts what part of Hart's testimony was given in answer to that question. Neither are any other interrogatories, except the fourth and fifth crosses, nor any answers except those given to those two, brought up. Hence we cannot tell as to the importance of these questions, nor whether or not they have been sufficiently replied to in other answers of the witness.

We do not think the intervenor's assignments are well taken.

Granting that it was improper for the court to suggest that the legal method of reaching the intervenor's right to come into the case was by demurrer and not by motion to strike out, and for the court to allow such demurrer to be filed after announcement of readiness for trial, we are of the opinion that the petition in intervention could have been dismissed as well upon motion as upon demurrer, and that probably the former was the proper method.

If the petition showed no cause of action upon which the intervenor could recover in any suit, or a cause defectively stated, a demurrer would have been the appropriate pleading. But where the cause of action was on its face a good one, but did not authorize an intervention in this particular suit, a motion to strike out was proper, and should prevail and dismiss the intervention.

We do not think the facts set forth in the intervenor's bill entitled her to come into this suit. The parties were contending as to the title to two hundred acres of land only. She proposed to litigate as to a one-sixth interest in that tract, and also in four hundred and forty acres besides, in which the plaintiff claimed no interest. If this is allowable, a party having an interest in common with a defendant in a dozen tracts of land might intervene in any suit in which a plaintiff was litigating with such defendant the title to one tract, and have the whole title decided, and the land partitioned. This would delay the trial of the cause, and postpone its final settle-

ment, which an intervenor cannot do. It would also complicate the case and produce a multifariousness of parties and causes of action, which should not be encouraged.

When we take into consideration also that the suit could not prejudice the intervenor's rights, no matter how it might be decided, and that she can pursue her claim as well after this case has been finally determined as before, we think no reason was shown for allowing her to intervene, and the bill of intervention was properly dismissed.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 15, 1884.]