[S. F. No. 2147.   Department Two.—May 24, 1900.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. MARY F. CHURCHILL, Administratrix, etc., et al., Appellants.

SUMMONS—PROPER ISSUANCE AND SERVICE—MISTAKE IN DATE IMMATERIAL. Where a summons is in fact issued and served within proper time after the commencement of the action, a mistake of the clerk in dating it a month prior to the commencement of the action is not conclusive proof that it was then issued, but is immaterial, and cannot render the judgment void. The date of the summons is no part of the form of a summons prescribed by the code.

FORECLOSURE OF MORTGAGE—DEFAULT OF ADMINISTRATRIX—INTERVENTION BY HEIR—DISMISSAL—DISCRETION.—In an action to foreclose a mortgage, the heir of the deceased mortgagor, if entitled to intervene at all, may properly be refused leave to intervene

after default of the deceased administratrix, and the dismissal of his complaint in intervention thereafter filed is not an abuse of discretion.

INTERVENTION, WHEN NOT ALLOWED.—An intervention will not, as a general rule, be allowed when it would retard the principal suit, or require a reopening of the case, or delay the trial, or change the position of the original parties.

ID.—PROVISIÓN OF CODE—TRIAL—DEFAULT.—The code expressly requires an intervention to be made "before trial"; and a default by which all of the issues tendered by the complaint are admitted in favor of the plaintiff is the equivalent of a trial when the case is litigated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

A. Boyer, for Appellants.

Tobin & Tobin, for Respondent.

McFARLAND, J.—Action upon notes and mortgage executed to plaintiff by William H. Churchill in his lifetime. Judgment went for plaintiff. There are two appeals from the judgment—one by defendant Mary F. Churchill, administratrix, and the other by Robert P. Churchill, as intervenor. It is not contended by either appellant that the mortgage was not a perfectly valid one for the amount of money which it purports to secure; but it is contended that, for certain legal reasons, technical in their nature, respondent should be precluded from enforcing its lien for the recovery of its loan.

1. The contention of appellant Mary F. Churchill is that the judgment is void because no summons was issued thereon within one year after the commencement of the action. The facts as to this contention are these: The action was commenced on March 5, 1898, and summons was issued on that day; it was served on the appellant Mary F. Churchill on February 15, 1899, and, as she made no response to the summons, her default was duly entered on March 10, 1899; but, when the clerk issued the summons on March 5, 1898, he inadvertently dated it "February" 5th, instead of "March" 5th. Afterward, appellant made a motion to vacate the default and dismiss the action, on

the ground that no summons had been issued and that more than a year had elapsed since the commencement of the action; and on the hearing of this motion the above facts appeared, and the court found them in the decree. The motion was properly denied. The whole contention of appellant rests on the proposition that the date of the summons on its face is conclusive proof that it was issued before the commencement of the action, and for that reason was void; and this proposition cannot be maintained. It was clearly shown that, as a fact, the summons was not issued before the commencement of the action, but that it was issued and served within a year thereafter. The summons was not void on account of its date; for a date is no part of the form of a summons prescribed by the code. (Code Civ. Proc., sec. 407.) The summons in the case at bar fully conformed to the requirements of the code. The appellant did not ask to be allowed to answer to the merits, or to answer at all. The judgment, as to this appellant, must be affirmed.

2. The other appellant—the intervenor, Robert P. Churchill —claims to be heir at law of the deceased mortgagor; and, after the administratrix had suffered default, as above stated, he obtained leave, *ex parte*, to file, and did file, what is called a "complaint in intervention," the prayer of which is that "plaintiff's complaint be dismissed." Afterward, on motion of respondent, his "complaint in intervention" was dismissed, and he appeals from this judgment of dismissal.

Respondent makes many points in support of the order of dismissal. It is argued that the intervention shows that appellant was not "joining the plaintiff in claiming what is sought by the complaint"; nor "uniting with the defendant in resisting the claims of the plaintiff," because defendant by default had admitted all of plaintiff's claims; nor "demanding anything adversely to both the plaintiff and the defendant"; and that therefore, he is not within any of the provisions of section 387 of the Code of Civil Procedure. It is also argued that under section 1582 of the Code of Civil Procedure, and *Bayly v. Muche*, 65 Cal. 348, *Monterey Co. v. Cushing*, 83 Cal. 512, *Collins v. Scott*, 100 Cal. 452, and other decisions cited, respondent had the right to sue the administratrix alone, and that the

heir at law cannot intervene; and, further, that under any view the complaint in intervention does not state facts constituting any cause of action or defense. But waiving these questions, the appellant, under the facts above stated, had no absolute right to intervene; and, even assuming that the court, in its discretion, might have countenanced the intervention, notwithstanding the condition of the case, it certainly did not abuse its discretion. It is the general rule that an intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. (*Van Gorden v. Ormsby*, 55 Iowa, 664; *Boyd v. Heine*, 41 La. Ann. 393; *Ragland v. Wisrock*, 61 Tex. 391; *Cahn v. Ford*, 42 La. Ann. 965; *Mayer v. Stahr*, 35 La. Ann. 57.) In order to prevent the intrusion of strangers after the issues between the original parties have been determined, our code expressly provides that an intervention must be "before the trial"; and a default by which all of the issues tendered by the complaint are admitted in favor of plaintiff is the equivalent of a trial when the case is litigated. In *Henry v. Cass County Mill etc. Co.*, 42 Iowa, 33, it was held that there could be no intervention after an agreement for settlement between the original parties, although no judgment had been entered; and the court said: "The intervention must be made before the trial commences. After the verdict all would admit it would be too late to intervene. But the voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record, as fully and finally determines the controversy as a verdict could do. . . . . It is not the intention of the statute that one not a party to the record shall be allowed to intervene, and open up and renew a controversy which has been settled between the parties to the record, either by verdict or voluntary agreement." The same principle applies where the controversy has been settled by default. And that a default is the equivalent of a trial when the case is litigated was expressly held in *McCallon v. Waterman*, 1 Flipp. 651. The question there was as to the right to remove a case, after default, from a state to a federal court under a statute which provided for a removal "at any time before the trial or final hearing of the cause"; and it was held

that it could not be done. The court said: "A default has practically the same effect as a verdict. Until set aside, it is a final determination of the matters set up in the declaration. . .... . The default, which is an admission of the plaintiff's case, stands in the place of a trial in a litigated case which is only a determination of the issues made by the pleadings of both parties."

The judgment is affirmed as to both appellants.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.