[L. A. No. 2305.   Department Two.—August 23, 1909.]

ISAAC N. MARTIN et al., Respondents, v. JAMES W.
    LAWRENCE, Jr., Defendant and Appellant; OCEAN
    PARK BANK (a Corporation), Intervener and Ap-
    pellant; PAUL F. CARPENTER et al., Defendants and
    Respondents.

RESCISSION OF DEED—FRAUD—ENTRY OF DEFAULT—LIS PENDENS—
    INTERVENTION BY MALA FIDES PURCHASER.—In an action to rescind
    a conveyance of land on the ground of fraud in its procurement, in
    which a *lis pendens.* is filed, and the default of the original defend-
    ants is entered for their failure to answer, a successor in interest
    of an original defendant who held the legal title to the land, and
    who acquired the title with notice and after the entry of the default,
    is not entitled to intervene, in the absence of any attempt to vacate
    the default or showing in defense of the action on the merits.

ID.—APPEAL FROM DEFAULT JUDGMENT—SUFFICIENCY OF COMPLAINT.—
    On an appeal from a judgment entered against a defendant by
    default, an objection that the complaint fails to state facts sufficient
    to constitute a cause of action may be considered.

ID.—FRAUD—PROMISE MADE WITHOUT INTENT TO PERFORM.—A promise
    made by a grantee of land, which formed a substantive part of the
    consideration moving to the grantor, but which the grantee made
    in bad faith and without any intent to perform, constitutes a fraud
    on the grantor warranting a rescission of the conveyance.

ID.—RESCISSION—OFFER TO RETURN CONSIDERATION WHEN UNNECES-
    SARY.—A grantor, in seeking a rescission of a conveyance, is re-
    quired to make an offer of restitution of anything of value which
    he may have received, but where no consideration has passed, or is
    absolutely worthless, an offer to restore is unnecessary.

ID.—REASONABLE DELAY IN COMMENCING ACTION.—A delay of three
    months after discovery of the fraud before commencing an action
    for the rescission of the conveyance is not unreasonable.

APPEAL from a judgment of the Superior Court of Or-
ange County from an order dismissing a complaint in inter-
vention, and from an order vacating an order granting leave
to intervene.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellants.

R. Y. Williams, for Plaintiffs and Respondents.

Works, Lee & Works, for Respondent Carpenter.

Smith, Miller & Phelps, for Respondent Watson.

HENSHAW, J.—The complaint charged that the California Fruit Growers' Association was a corporation organized for the purpose of carrying on fraudulent transactions and swindling operations; that through its officers it induced plaintiffs to convey to it certain of their lands under contracts and agreements whereby in turn the corporation would at the end of five years convey to plaintiffs other lands which in the mean time they would plant to oranges, nurture, and care for. It is alleged that all the plaintiffs received for the lands which they deeded to the corporation were executory contracts to this effect; that the terms and representations were made to deceive and without any intention upon the part of the corporation to fulfill them; that they did not own the lands; and that the contracts were worthless. Defendant James W. Lawrence was impleaded as having been a participant in these frauds, and it was further alleged that he had taken a conveyance of the legal title to plaintiff's lands from the Fruit Growers' Association without consideration and with full knowledge of all the fraudulent transactions. Notice of the pendency of the action was recorded at its commencement. The California Fruit Growers' Association and defendant Lawrence both suffered default. Subsequently the Ocean Park Bank, a corporation, upon *ex parte* application and without calling to the notice of the court the fact that defendant Lawrence was in default, obtained permission to intervene. The complaint in intervention alleged that the California Fruit Growers' Association was indebted to the Commercial Bank of Ocean Park in the sum of fifteen hundred dollars, and that as security for this indebtedness it made a deed absolute in form to Lawrence, and that, subsequent to the commencement of this action and to the recording of the *lis pendens* the Ocean Park Bank had acquired the note evidencing the indebtedness and Lawrence had made and executed to it his deed to the land in controversy as security therefor. Thereafter, plaintiff moved to set aside the order granting the Ocean Park Bank leave to intervene and to dismiss the complaint in intervention. The motion came on regularly for hearing and all the foregoing facts being made

to appear to the court, and it being further established without controversy that there was no attempt on the part of Lawrence, or his successor in interest, the intervener, to defend the action upon its merits, and that the intervener had become the successor of Lawrence after recordation of the *lis pendens* and after entry of Lawrence's default, the court dismissed the complaint in intervention and vacated the order granting leave to intervene.

At the conclusion of these matters a judgment was entered in favor of the plaintiffs under stipulation of the remaining parties to the controversy. From this judgment and from the order dismissing the intervener's complaint and vacating the order granting leave to intervene, Lawrence and the Ocean Park Bank prosecute their appeal.

Upon the appeal it is contended that it was error for the court to strike out the complaint in intervention and that plaintiff's complaint fails to set forth facts sufficient to constitute a cause of action. Respondent objects to a consideration of the bill of exceptions offered in support of the appeal on the first proposition upon the ground that it was not prepared in time. We waive the consideration of this question for the reason that the court's order under the circumstances was correct. First, because the intervener's claim upon the land admittedly comes through Lawrence, an original defendant in the action, and was acquired after Lawrence's default and after the recordation of the *lis pendens*. Lawrence, by his default, having admitted the fraudulent charges preferred against him, was entitled to take nothing and had no valid claim upon or interest in the property. His successor, the intervener, taking its title with notice and after the default of Lawrence, with no effort upon the part of either to excuse and open the default, was not entitled to be heard in the action. The case here presented is much stronger than that of *Hibernia etc.* v. *Churchill,* 128 Cal. 633, [79 Am. St. Rep. 73, 61 Pac. 278], where the action of the court in dismissing a complaint in intervention, as was here done, is upheld.

It is contended that the complaint is obnoxious to a general demurrer. The right of the defaulting defendant Lawrence to urge this matter upon his appeal from the judgment is, of course, assured. (*Alexander* v. *McDow,* 108 Cal. 29, [41 Pac.

CLVI Cal.—13

24].) The complaint is sufficient against general demurrer. It alleged that the corporation and its officers represented and promised that they would set out the land to be exchanged, to oranges, and would care for it for five years and would then convey it to plaintiffs with a five-year-old orange grove growing thereon. It is alleged that the defendants had not only failed to carry out each and every provision of the contract, but that they "never at any time intended to carry out any of the provisions of the contract." Where a defendant makes a promise touching a substantive part of the consideration moving to the plaintiff, in bad faith and without intent to perform the promise, it constitutes a species of fraud well recognized in equity and in terms denounced by the code. (Civ. Code, sec. 1572, subd. 4; *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]; *Langley* v. *Rodriguez*, 122 Cal. 580, [68 Am. St. Rep. 70, 55 Pac. 406]; *Becker* v. *Schwerdtle*, 141 Cal. 386, [74 Pac. 1029]; *Montgomery* v. *McLaury*, 143 Cal. 83, [76 Pac. 964].) It further alleged that the defendants did not own the land which they agreed to exchange, had taken no steps to acquire the same, and had done nothing toward the improvement of it, and that the contracts which plaintiffs received from the California Fruit Growers' Association were absolutely worthless. In seeking a rescission the code requires an offer of restoration of anything of value which the plaintiff may have received (Civ. Code, sec. 1691), but where it is asserted that no consideration has passed and, as here, that the purported contracts are absolutely worthless, an offer to restore becomes unnecessary. (*Kelley* v. *Owens*, 120 Cal. 502, [47 Pac. 369, 52 Pac. 797]; *California Farm & Fruit Co.* v. *Schiappa-Pietra*, 151 Cal. 732, [91 Pac. 593].)

The court properly found that the Ocean Park Bank was the successor in interest of the defendant Lawrence and no just complaint can be predicated upon this finding. It appears that three months elapsed after discovery of the fraud by plaintiffs before the commencement of their action. This, under the circumstances, was not an unreasonable delay.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.