PILLOT, PLAINTIFF AND RESPONDENT, v. PILLOT, DEFENDANT AND RESPONDENT; BALESTIER, INTERVENOR AND APPELLANT.

APPEAL from the District Court of Guayama in a Proceeding in Intervention in an Action of Debt.

No. 1154.—Decided July 21, 1914.

INTERVENTION—JUDGMENT BY DEFAULT—TRIAL.—Pursuant to section 72 of the Code of Civil Procedure, leave to intervene must be applied for previous to the trial. After judgment by default has been entered against the defendant no intervention can be solicited because the rendition of judgment is equivalent to the holding of a trial within the meaning of the said section.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondents did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action of debt brought by Martina Pillot against Josefa Pillot for $696.58 in the District Court of Guayama judgment by default was entered against the defendant on April 13, 1914, for the amount claimed and the costs of the action.

On April 27, 1914, Eugenio Balestier, who had an action for divorce pending in the said District Court of Guayama against his wife, defendant Josefa Pillot, filed two motions— one to open the default and the other for leave to intervene in the said action—for which purpose he accompanied the motions by a complaint in intervention, denying all the allega-

tions of the complaint of Martina Pillot, and several affidavits tending to show the non-existence and simulation of the debt sought to be recovered.

By a decision of May 19 last the court overruled the motion for leave to intervene without prejudice to any rights which the mover, Balestier, might have in the action between Martina and Josefa Pillot. From that decision Balestier appealed to this court.

Let us see whether the lower court acted according to law in rendering the decision appealed from.

Section 72 of our Code of Civil Procedure, which is similar to section 387 of that of California, reads as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

The complaint in intervention and the motion for leave to file it were presented on April 27 of the present year, after judgment by default had been rendered against the defendant on the 13th of the same month, hence the presentation was not made before but after the trial. And the appellant cannot plead in his favor the fact that judgment was rendered by default and that a reopening of the case was requested, for such a plea is inconsistent with the doctrine laid down by the Supreme Court of California in construing section 387 of the Code of Civil Procedure of the said State, which is similar to our section 72, in deciding the case of *Hibernia*

*Savings and Loan Society* v. *Churchill*, 128 Cal., 633; 61 Pac., 278:

"It is the general rule that an intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. (*Van Gorden* v. *Ormsby*, 55 Iowa, 664; *Boyd* v. *Heine*, 41 La. Ann., 393; *Ragland* v. *Wisrock*, 61 Tex., 391; *Cahn* v. *Ford*, 42 La. Ann., 965; *Mayer* v. *Stahr*, 35 La. Ann., 57.) In order to prevent the intrusión of strangers after the issues between the original parties have been determined, our code expressly provides that an intervention must be 'before the trial'; and a default by which all of the issues tendered by the complaint are admitted in favor of plaintiff is the equivalent of a trial when the case is litigated. In *Henry* v. *Cass County Mill, etc., Co.*, 42 Iowa, 33, it was held that there could be no intervention after an agreement for settlement between the original parties, although no judgment had been entered; and the court said: 'The intervention must be made before the trial commences. After the verdict all would admit it would be too late to intervene. But the voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record, as fully and finally determines the controversy as a verdict could do * * *. It is not the intention of the statute that one not a party to the record shall be allowed to intervene, and open up and renew a controversy which has been settled between the parties to the record, either by verdict or voluntary agreement.' The same principle applies where the controversy has been settled by default. And that a default is the equivalent of a trial when the case is litigated was expressly held in *McCallon* v. *Waterman*, 1 Flipp., 651, Fed. Case No. 8675 * * *."

The foregoing jurisprudence was ratified subsequently in the case of *Martin* v. *Lawrence*, 156 Cal., 191, 103 Pac., 914. Notes on California Reports, Supplement III, page 534. See also 31 Cyc., 520.

The decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.