212

AMELIA VALETÍN, Petitioner and Appellant, *v.* MUNICIPAL
COURT OF BAYAMÓN, Respondent; and JESÚS ROSADO, In-
tervener and Appellee.

No. 8668. Argued May 6, 1943.—Decided June 11, 1943.

*Pedro Amado Rivera* and *A. Rivas* for appellant. *P. J. Santiago
Lavandero* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is a writ of certiorari in which a question of interven-
tion is involved. It comes from the District Court of Ba-
yamón.

Amelia Valentín filed a complaint in the municipal court
against Nicomedes Rosado and Carmen Elías in revendica-
tion of an estate. The latter demurred to the complaint.
Their demurrer was overruled and they were granted leave
to file an answer. They asked for an extension of time and
also for a bill of particulars. The court granted their re-
quest and the bill was served on them. They failed to answer
and default was entered against them. The trial was held,
both parties appearing. The evidence was submitted and the
court entered judgment sustaining the complaint. The de-
fendants appealed to the district court, and their appeal was
dismissed as it had not been perfected according to law.

The case was remanded to the municipal court and Jesús
Rosado, alleging to be the owner of the estate the object of
the revendication, moved to be allowed to intervene in the
suit. The court granted the intervention over the plaintiff's
objection.

It was then that the plaintiff filed a petition for a certiorari in the district court. The writ was issued and after hearing the interested party it was annulled. Against that order the plaintiff filed the present appeal.

The district judge in his opinion said:

"The petitioner Jesús Rosado, when he asks for the annullment of the writ of certiorari issued, bases his position on §74 of the Code of Civil Procedure.

"Said Section reads thus: (It is transcribed.)

"The language used in the transcribed Section seems to us sufficiently clear:

" 'and when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be brought in by the proper amendment.'

"The petitioner in this case was not a party to the suit but when he learned of it he asked to intervene on the basis that he was the owner of the property involved in the suit.

"In the case of *Muñoz* v. *District Court,* 54 P.R.R. 886, a cropper was allowed to intervene 'even in the period of the execution of the judgment.'

" *       *       *       *       *       *       *

"For the reasons stated, the court is of the opinion that the writ issued in this case must be annulled and it is so ordered and the record must be remanded to the court of origin for further proceedings."

We believe that the appellant is right. The applicable legal provision is §72 of the Code of Civil Procedure which allows the intervention, according to its express terms, "before the trial," and in the instant case the trial had not only been held when intervention was moved but judgment had already been entered deciding the suit, which judgment was affirmed by virtue of the dismissal of the appeal taken therefrom.

"The complaint in intervention," said this court in *Pillot* v. *Pillot and Balestier,* 21 P.R.R. 188, 189, "and the motion for leave to file it were presented on April 27 of the present

year, after judgment by default had been rendered against the defendant on the 13th of the same month, hence the presentation was not made before but after the trial. And the appellant cannot plead in his favor the fact that judgment was rendered by default and that a reopening of the case was requested, for such a plea is inconsistent with the doctrine laid down by the Supreme Court of California in construing §387 of the Code of Civil Procedure of the said State, which is similar to our §72, in deciding the case of *Hibernia Saving and Loan Society* v. *Churchill,* 128 Cal. 633; 61 Pac. 278:

"' . . . It is the general rule that an intervention' will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. (*Van Gorden* v. *Ormsby,* 55 Iowa, 664; *Boyd* v. *Heine,* 41 La. Ann. 393; *Ragland* v. *Wisrock,* 61 Tex., 391; *Cahn* v. *Ford,* 42 La. Ann., 965; *Mayer* v. *Stahr,* 35 La. Ann. 57.) In order to prevent the instrusion of strangers after the issues between the original parties have been determined, our code expressly provides that an intervention must be "before the trial"; and a default by which all of the issues tendered by the complaint are admitted in favor of plaintiff is the equivalent of a trial when the case is litigated. . .' "

It is true that this court in the case of *Carrasquillo* v. *Ripoll. Montalvo, Int.,* 56 P.R.R. 301, 305, said:

" . . . However, the limitation of the time for filing the petition had for its object to prevent delay in the prosecution of the main action and a disturbance of the judgment rendered. *Benítez* v. *Tabacaleros, etc.* and *Fed. Int. Credit Bank,* 50 P.R.R. 754, and decisions there cited.

"In the case at bar, whatever judgment might be rendered can in no way affect that already rendered and executed against Ripoll. Therefore, the lower court was right in granting leave to intervene, even though the judgment in the main action had been rendered and executed."

But we are not dealing with the same situation here nor with the one in the cited case nor with the one on which the lower court based its position.

In those cases the interventions allowed were not in violation of the general rule. In the instant case the intervention required the reopening of a case already decided by final judgment, and as allowed the law was violated both in letter and spirit.

What was decided in *Benítez, supra,* was the following:

"The cases which we have examined seem to establish a distinction between interventions which are intended for a discussion of the merits of the controversy between the plaintiff and the defendant and those which are intended solely for the protection of the rights of the intervenor to attached property on which the judgment rendered, or which may be rendered, in the suit is sought to be executed, holding that the first kind of intervention must be made before the trial, in accordance with the technical provisions of the statute, and that those which refer simply to the determination of the respective rights to attached property may be made at any time, provided the intervenor acts with due diligence."

After quoting from 20 R.C.L. 688, §27, and from 123 AM. St. Rep. 295, 309 it went on to say:

"The bill of intervention in the instant case presented a single question for the consideration of the lower court, that is, whether the rentals at the time the attachment was levied, were owned by the defendant corporation or if they had already become the property of the intervenor bank, and therefore were not subject to attachment. That question could in no way affect the principal controversy between the plaintiff and the defendant, or the judgment by default entered in the case. . . ." *Benítez* v. *Tabacaleros of Aibonito,* 50 P.R.R. 754, 758–760.

What was decided in *Muñoz, supra,* copying from the syllabus, was as follows:

"A court may allow a person to intervene in the execution of a sentence rendered by it.

"Even though it would be better to raise the question in an independent suit and not in a suit for the foreclosure of a mortgage,

to avoid multiplicity of suits and within its discretion, the court may allow a share-cropper to appear in the case, even in the period of the execution of the judgment, to decide the controversy among the parties in regard to claims that said share-cropper may have in regard to the mortgaged property, and thus put an end to litigation. With the use of this discretion this court will not intervene unless an abuse is shown." *Muñoz* v. *District Court*, 54 P.R.R. 886.

While in this case, after judgment had been entered declaring that the plaintiff was the owner of an estate detained by the defendant, the intervention was moved by a son of the latter, with the purpose of alleging and proving that he was the owner of the estate in question, as he had purchased it from his father, the defendant, on June 1, 1938.

The order appealed from must be reversed and another entered, setting aside the order of the Municipal Court of Bayamón, dated July 10, 1941, allowing Jesús Rosado to intervene in civil suit No. 379 of said court, *Amelia Valentín* v. *Nicomedes Rosado and Carmen Elías* on revendication, and that of August 5, denying reconsideration, and the case must be remanded to said municipal court for further proceedings not inconsistent with this opinion.