VAN GORDEN v. ORMSBY BROS. & CO. ET AL.

1. **Practice:** INTERVENTION: RIGHTS OF INTERVENOR. An intervenor cannot insist upon a change in the form of proceedings, or delay in the trial of the action, and it is error to allow an intervention which produces these results, against the objection of parties.

2. ——: ——: RULE APPLIED. Where the pleadings showed that the defendants had sold certain land for the plaintiff under a contract, but refused to pay over the proceeds on the ground that they had been garnished by creditors of the plaintiff's husband, it was held that the court erred in refusing to render judgment for the money in favor of plaintiff, and in permitting the husband's creditors to intervene and set up a claim of fraud in the conveyance of the land to the plaintiff.

*Appeal from Palo Alto Circuit Court.*

TUESDAY, APRIL 19.

THE plaintiff filed her petition in substance alleging that in February, 1880, she entered into a written contract with the defendants, Ormsby Bros. & Co., to sell for her the N. E. $\frac{1}{4}$ of 4, 97, 33, of which plaintiff was the owner; that said defendants sold said land for plaintiff, and of the proceeds thereof, after deducting their commission, they still hold the sum of $640, and have so held the same since prior to May 1st, 1880, and that they refuse to pay the same to the plaintiff. Judgment was asked for $640, with interest from May 1,

1880, and for costs of suit.  Attached to the petition is a copy of a contract between the plaintiff, by P. F. Van Gorden, and Ormsby Bros. & Co., for the sale of said premisses upon a commission of five per cent.

The defendants, Ormsby Bros. & Co., answer as follows:

1. They admit that they sold for the plaintiff and her husband, one P. F. Van Gorden, the land described in the plaintiff's petition, and that there is now in their hands of the proceeds of the sale $640, but they deny each and every other allegation therein contained, and refer to the following divisions of this answer for the reason why the same has not been paid over to the plaintiff and her said husband.

2. That at the date of the commencement of this action, and at the time of the filing of the plaintiff's petition and the service of the notice herein on the defendants, the plaintiff's and her said husband's deed was still in defendants' hands as the plaintiff's agents, and had not been delivered to the purchaser, and the purchase money had not been paid to the defendants, and only a portion of said sum of money was in the defendants' hands as bankers, standing to the credit of the purchaser upon the books of the bank, and no part of said sum had then been paid to the defendants to be delivered to the plaintiff and her said husband.

3. That on the —— day of—— 1880, they were garnished by the sheriff of Palo Alto county, under five executions against P. F. Van Gorden, viz: Three in favor of D. M. Gilmore & Co., one in favor of Woodring Bros., and one in favor of Hatchingson & Co., aggregating about the sum of three hundred dollars; that at the time of such garnishment the defendants were also served with a notice that the said money arising from the sale of said land was the property of P. F. Van Gorden, and that said execution plaintiffs would hold the defendants for the amounts of their several executions if they allowed the same to pass from their hands; that the defendants had no sufficient knowledge or information to determine whether the plaintiff or her said husband, P. F. Van Gorden,

owed said money, and, therefore, in order the more fully to protect themselves, then and there offered to pay the plaintiff all of said sum of money in excess of the sums due on said executions, and retain the balance until such time as their answers should be taken in said garnishment proceedings, and then and there bring the same into court to abide the order and judgment of this Court; that the plaintiff refused to accept any portion of said money, and defendants are ready and willing to pay said money to whomsoever the court shall order upon taking of the defendants' answer as garnishee in said suits. Wherefore defendants ask that they may be ordered to pay said money into court and that they be discharged with costs.

The plaintiff demurred to the first division of this answer as follows:

"1. The petition shows that the land referred to was sold by defendants for plaintiff under a written agreement, which is not denied by said answer, and said answer does not claim that defendants hold said money or retain the same by virtue of said contract or any of the provisions thereof.

2. Said first division of the answer admits that defendants have the money claimed by plaintiff's petition, and does not state any reason for not paying the same over to plaintiff.

3. Said land was sold by defendants under a written contract with plaintiff as set out in plaintiff's pleading, and defendants cannot now assert or allege ownership of the proceeds of said sales to be in any other person than plaintiff, and defendants cannot allege or rely upon ownership of the proceeds of said sale being in any other person than plaintiff.

4. Said answer admits that said defendants have in their possession the money claimed by plaintiff, and that they are indebted to plaintiff therefor, and defendants cannot now assert that ownership of said money or any part thereof or any interest therein is in any other person than plaintiff, nor deny the ownership under which defendants received said

money, nor hold the same against the demand of the plaintiff."

The plaintiff also demurred to the second and third divisions of the answer upon the same grounds. The court sustained the demurrers as to the third and fourth subdivisions of the first ground thereof, and overruled all the rest of said demurrer. To the overruling of the demurrer the plaintiff excepted, and to the sustaining thereof the defendants excepted. D. M. Gilmore & Co. filed their petition of intervention asking that P. F. Van Gorden, the husband of plaintiff, be made a party thereto, and stating the facts constituting their claim as follows:

"*Paragraph 1.* That on the 4th day of January, 1878, the said D. M. Gilmore & Co. recovered their judgment against the said P. F. Van Gorden on three promissory notes, in justice's court, and transcript duly filed in this court, aggregating the sum of eighty-seven and 88-100 dollars debt, and six and 99-100 dollars costs, no part of which has been paid, and there is still due the plaintiff said sum and interest thereon from said 4th day of January, 1878.

"*Par. 2.* That the consideration for which said promissory notes were given was goods, wares and merchandise sold and delivered the said P. F. Van Gorden in September, 1876, upon the representations of the said Van Gorden that he was the owner of the said northeast quarter of section 4, township 97, range 33 west, and the apparent owner thereof of record, and the reports of the mercantile agencies in which he was reported as owning said lands, and during the years 1876 and 1877 the said P. F. Van Gorden claimed to own said land and promised and agreed to pay the intervenor as soon as he should be able to sell said land.

"*Par. 3.* That on or about the 28th of February, 1879, the said P. F. Van Gorden and his wife, the said defendants, contriving how they might cheat and defraud said plaintiffs, and for the purpose and with the intent to hinder, delay and defeat the plaintiffs in the collection of these said judgments, cor-

ruptly and fraudulently agreed that the said P. F. Van Gorden should deed to the said plaintiff the said northeast quarter 4, 97, 33, and date the same back previous to the time when the debts of these intervenors were contracted, and that in accordance therewith the same was executed as purporting to have been executed on the 28th day of February, 1874, instead of the 28th day of February, 1879, when the same was in fact executed.

"*Par. 4.* That in truth and in fact the said P. F. Van Gorden acquired title to said lands under the provisions of chapter 5, title 32, U. S. Revised Statutes, commonly called the Homestead law; that on the 4th day of January, 1876, the said P. F. Van Gorden made his final homestead proof and then and there made affidavit that he had not sold, transferred or alienated any portion of said land, and this intervenor avers that said pretended deed of conveyance is as to this intervenor both fraudulent in fact and void under the laws of the United States.

"*Par. 5.* These intervenors further say that on or about the first day of January, 1876, the said P. F. Van Gorden and the plaintiff herein, Emily M. Van Gorden, his wife, abandoned said premises as a homestead and removed to Emmetsburg, where they acquired and have since occupied another homestead, and still occupy the same as a homestead, and claim it to be exempt as such.

"*Par. 6.* That about the month of June, 1880, the said P. F. and Emily M. Van Gorden sold said land through the defendants, Ormsby Bros. & Co; that there is now in the hands of said Ormsby Bros. & Co. of the proceeds of said sale the sum of six hundred and forty dollars, which is the same sum of money sought to be recovered by the plaintiff from the defendants in this action.

" That these intervenors caused the said defendants Ormsby Bros. & Co. to be garnished and duly notified that the said money, the proceeds of the sale of said lands, was the property of said P. F. Van Gorden.

"That the said Ormsby Bros. & Co. make no claim to said money, and are ready and willing to pay the same into court, and there to abide the order and decision of this court herein.

"Wherefore the said D. M. Gilmore & Co. ask that they be made parties plaintiff hereto:

"That said money be paid into court, and there held to abide the decision herein:

"That the said conveyance from the said P. F. Van Gorden to the said Emily M. Van Gorden be declared fraudulent and void as to these intervenors, and that the said money, the proceeds of said lands, be declared liable and subjected to the payment of these intervenors' aforesaid judgment, and that these intervenors have such other and further relief as may be equitable and just."

Woodring Bros. also filed a petition of intervention, alleging the recovery of a judgment against P. F. Van Gorden in the sum of ninety-six dollars and ten cents, and containing the same averments as the foregoing petition.

The intervenors afterwards filed a motion as follows:

"1. That the court order the defendants to pay the money in controversy into court.

"2. That the court order the plaintiff to answer the petition of intervention forthwith.

"3. That the causes be transferred to the equity calendar and set down for trial on written evidence."

This motion was sustained, to which ruling the plaintiff excepted. Ormsby Bros. & Co. thereupon, under said order, paid into court the sum of $693.20. On the same day the plaintiff moved the court for judgment for the amount of money paid into court by the defendants, and for costs, for the following reasons:

"1. The issues in this case show that the plaintiff is entitled to the same.

"2. The defendants do not controvert the same, or make any claim to the same.

"3. The plaintiff is entitled to the same upon the pleadings in this case.

"4. The defendants tender the same into court, and the plaintiff accepts the same.

"5. The plaintiff is entitled to the same as matter of law."

The court sustained this motion as to the sum of $366.20, and rendered judgment in favor of plaintiff against the defendants Ormsby Bros. & Co. therefor, and overruled the rest of the motion, to which the plaintiff excepted. The court thereupon, on its own motion and against the objection of plaintiff, continued the balance of the cause until the issues of the intervenors are settled; to which ruling the plaintiff excepted. On the same day the court, on its own motion, ordered the clerk of said court to pay over to said defendants, Ormsby Bros. & Co., the amount of said judgment from funds in his hands, to which ruling the plaintiff excepted. On the same day the court ordered that the plaintiff answer the petition of intervention in thirty days, and that said cause be set down for trial on depositions; to which the plaintiff excepted.

The plaintiff appeals from the orders overruling his demurrers, sustaining intervenors' motion, overruling plaintiff's motion for judgment, continuing said cause until the issues of intervenors are settled, directing the clerk to pay to defendants the sum of $366.20 from funds in his hands, ordering plaintiff to answer petitions of intervention in thirty days, and setting the case down for trial on depositions, and refusing to enter judgment for the whole amount paid into court.

The defendants, Ormsby Bros. & Co., appeal from the orders sustaining the plaintiff's demurrer to the defendant's answer, and sustaining plaintiff's motion for judgment against the defendants.

*T. W. Harrison*, for the plaintiff.

*Soper & Crawford*, for the defendants and intervenors.

DAY, J.—I. The intervenors appeared in a law action and tendered an equitable issue, and asked that a new party be made to the record. They procured an order transferring the cause to the equity docket, continuing it, requiring the plaintiff to answer their petition within thirty days, and setting the cause down for trial upon depositions as an equitable action. These several rulings are clearly erroneous. Section 2684 of the Code provides: "The Court shall determine upon the intervention at the same time that the action is decided, and the intervenor has no right to delay." An intervenor cannot be allowed to tender an issue which can be tried only by a change in the form of proceeding and a continuance of the cause for testimony. If the person intervening has rights which require protection, and which cannot be determined by intervention in the main action without delaying the trial, he ought not to intervene, but should commence an original action, and, if need be, and a proper case therefor can be made, protect his interests by injunction. The impropriety and injustice of the course pursued in the present case are very apparent. The plaintiff claims to be the owner of the property in question. From the petition of the intervenors it is apparent that she is the owner, unless a fraudulent transfer to her of the real estate in question can be established. Yet by the order of the Court she has been summarily deprived of the use of this property, certainly for six months, and very probably for a longer period, without any bond of indemnity or source of redress if she shall ultimately prove to be the equitable as well as the legal owner of the property. The intervenors should have commenced an original action in equity to set aside the conveyance to plaintiff by her husband, aiding this action by an injunction, if they could make a proper case therefor, preventing the payment to plaintiff of the proceeds of the sale of the land until their rights could be determined. The plaintiff would thus be indemnified against loss. In transferring the issue presented by the intervenors to the

1. PRACTICE: intervention: rights of intervenor.

equity docket, and continuing it for trial, against the objection of the plaintiff, the court erred.

II. The money having been paid into court by the defendants, Ormsby Bros. & Co., pursuant to the order of the court, the court ought not then to have rendered judgment against them for a portion of the money so paid in.

III. The court found that the plaintiff was entitled to $366.20. No one disputes the plaintiff's right to this portion of the money paid into court by the defendants. It was therefore clearly erroneous for the court to order the clerk to pay this sum back to the defendants. The defendants make no claim to the money. They simply ask that the court shall determine to whom the money shall be paid.

IV. As the case stood in the court below the plaintiff was entitled to the money. Unless the intervenors shall, in a proper equitable proceeding, obtain an order preventing the payment of the money to the plaintiff, an order should be made directing that the money be paid to plaintiff, and the garnishee be discharged.

Upon the plaintiff's and defendants' appeal the judgment of the court below is, at the costs of the intervenors,

REVERSED.