PILLOT, DEMANDANTE Y APELANTE, *v.* PILLOT, DEMANDADA Y
APELADA, Y BALESTIER, INTERVENTOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un procedimiento de intervención en un caso sobre cobro de dinero.

¿ No. 1154.—Resuelto en julio 21, 1914.

INTERVENCIÓN—SENTENCIA EN REBELDÍA—JUICIO.—De acuerdo con el artículo 72 del Código de Enjuiciamiento Civil la intervención debe solicitarse antes del

juicio, y después que se ha dictado sentencia en rebeldía contra el demandado no puede pedirse la intervención, porque el haberse dictado dicha sentencia equivale a haberse celebrado el juicio a los efectos de dicho artículo.

Los hechos están expresados en la opinión.

Los apelados no comparecieron.

Abogado del apelante: *Sr. C. Dominguez Rubio.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito de Guayama por Martina Pillot contra Josefa del mismo apellido en cobro de $696.58 recayó sentencia en 13 de abril del corriente año en rebeldía de la demandada, condenando a ésta al pago de la suma reclamada con las costas del litigio.

En 27 de abril citado Eugenio Balestier, quien tenía pendiente ante la misma Corte de Distrito de Guayama demanda de divorcio contra la demandada, su esposa Josefa Pillot, presentó dos mociones, una para que se abriera la rebeldía de ésta y la otra solicitando permiso para intervenir en el pleito de que se deja hecho mérito, a cuyo fin acompañó demanda de intervención, en que se limita a negar todas y cada una de las alegaciones de la demanda de Martina Pillot, y varios *affidavits* tendentes a demostrar la inexistencia y simulación de la deuda reclamada.

La corte, por resolución de 19 de mayo último, declaró sin lugar la petición de intervención, sin perjuicio de los derechos de que pudiera estar asistido el peticionario Balestier con relación al pleito entre Martina y Josefa Pillot, habiendo interpuesto Balestier contra dicha resolución recurso de apelación para ante esta Corte Suprema.

Veamos si la corte inferior procedió con razón derecha al dictar la resolución apelada.

El artículo 72 de nuestro Código de Enjuiciamiento Civil, equivalente al 387 del de California, dice así: "Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún

derecho en contra de ambas.　Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones del demandante y demandado, cuya intervención se efectúa por medio de demanda exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria.''

La demanda de intervención y la moción pidiendo permiso para presentarla fueron radicadas el 27 de abril del corriente año, después que se había dictado sentencia en rebeldía contra la parte demandada el 13 del mismo mes, y por tanto se hizo la radicación no antes, sino después del juicio. Y no puede alegar el apelante en su favor la circunstancia de haberse fallado el pleito en rebeldía y solicitádose la apertura de ella.　A esa alegación oponemos la doctrina establecida por la Corte Suprema de California interpretando el artículo 387 del Código de Enjuiciamiento Civil de dicho Estado, equivalente al 72 del nuestro, en el caso de *Hibernia Savings and Loan Society* v. *Churchill*, 128 Cal., 633, 61 Pac., 278:

"Es una regla general, dice aquella corte, que no se permitirá la intervención cuando retarde el pleito principal o cuando exija que se vuelva a abrir el caso para presentación de más prueba o cuando dilate la celebración del juicio del pleito principal o cambie la posición de las partes primitivas. *Van Gorden* v. *Ormsby,* 55 Iowa, 664, 8 N. W., 625; *Boyd* v. *Heine,* 41 La. Ann., 393, 6 South., 714; *Ragland* v. *Wisrock,* 61 Tex., 391; *Cahn* v. *Ford,* 42 La. Ann., 965, 8 South., 477; *Mayer* v. *Stahr,* 35 La. Ann., 57. Con el fin de impedir la intrusión de extraños después de haber quedado resueltas las cuestiones planteadas entre las partes primitivas, nuestro código expresamente dispone que la intervención se verifique 'antes del juicio'; y una

rebeldía por la cual todas las alegaciones de la demanda son admitidas a favor del demandante es equivalente a un juicio cuando el caso se litiga. En el caso de *Henry v. Elevator Co.*, 42 Iowa, 33, se resolvió que no podía tener efecto una intervención después de celebrado un convenio de transacción entre las partes originales aunque no se hubiera dictado sentencia, y la corte dijo: 'La intervención debe hacerse antes de empezar el juicio. Después del veredicto todos admiten que sería muy tarde para intervenir. Pero el convenio voluntario de las partes ocupa el lugar del veredicto en cuanto se refiere a las partes del litigio, pues con la misma amplitud y con la misma finalidad resuelve la controversia como lo haría el veredicto \* \* \*. No es la intención del estatuto de que uno que no sea parte en el juicio pueda intervenir y abrir de nuevo y renovar una controversia que ha sido transada por las partes litigantes, ya sea por el veredicto o por un convenio expreso.' Los mismos principios son aplicables cuando una controversia ha sido resuelta por una sentencia en rebeldía, y el que una rebeldía es equivalente a un juicio cuando el caso ha sido radicado, ha sido expresamente resuelto en el caso de *MacCallon v. Waterman*, 1 Flip., 651, Fed. Cas., No. 8675 \* \* \*.''

Esta jurisprudencia ha sido posteriormente ratificada en el caso de *Martín v. Lawrence,* 156 Cal., 191; 103 Pac., 914. Notes on California Reports, Supplement III, p. 534. Véase también 31 Cyc., 520.

Procede la confirmación de la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.