GENARO CAUTIÑO INSÚA, demandante y apelante, *v.* PIZÁ HERMANOS, S. EN C., demandada, y CATALINA CANALS RODÓN y SUCESIÓN DE FRANCISCO PIZÁ Y MÁS, interventoras y apeladas.

No. 5208.—*Sometido:* Junio 25, 1930.  *Resuelto:* Marzo 12, 1931.

*T. Bernardini de la Huerta,* abogado del apelante; *L. Muñoz Morales* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Dictada sentencia en rebeldía del demandado en este pleito establecido por Genaro Cautiño Insúa contra la mercantil Pizá Hermanos, S. en C., en cobro de dinero garantizado con primera hipoteca de dos fincas rústicas y con prenda de ganado, se personó en este pleito, después de la sentencia, la sucesión de don Francisco Pizá, compuesta por su viuda y por dos hijos, alegando ser acreedora de la mercantil Pizá Hnos., S. en C., por cierta cantidad de dinero que le garantizó con segunda hipoteca sobre las dos fincas antes mencionadas, vencedera en 31 de diciembre de 1931, y solicitó fuera anulada la expresada sentencia por los motivos de nulidad que expuso y que se abriera la rebeldía de la demandada Pizá Hermanos, S. en

C.; petición que fundó en que según el contrato celebrado entre el demandante y la sociedad demandada aquél debe estar satisfecho de los intereses reclamados y de parte del capital con el producto del ganado dado en prenda. Con esa solicitud acompañó una demanda de intervención en ese pleito para que declarada nula la sentencia y abierta la rebeldía se le permitiese intervenir, fundándose substancialmente en el mismo motivo que tuvo para solicitar la nulidad de la sentencia y la apertura de rebeldía en el pleito mencionado.

La corte inferior declaró nula la expresada sentencia y abrió la rebeldía, declarando también subsiguientemente con lugar la demanda de intervención presentada, contra cuya resolución fué interpuesta esta apelación por la parte demandante.

■■ Es regla general, casi absoluta, que solamente las partes en el pleito tienen derecho a solicitar su nulidad, y que sean cualesquiera los defectos de que adolezca, no pueden las personas extrañas solicitar que sea anulado, aunque es excepción que pueden hacer esa solicitud los extraños afectados o perjudicados por la sentencia. 34 C. J. 344, sec. 558. Pero por ser esto excepción a la regla general, de dicha petición debe aparecer clara y positivamente que la persona extraña al procedimiento ha sido en realidad afectada o perjudicada por la sentencia cuya nulidad y consiguiente apertura de rebeldía interesa. Tal cosa no aparece en este caso, pues la sucesión peticionaria no afirma en su solicitud que el demandante ha cobrado los intereses y parte de su crédito hipotecario para que así resultara que siendo menor el crédito del demandante la sucesión sería perjudicada en su segunda hipoteca por tener que ser pagada la sentencia con los bienes que también están afectos a la segunda hipoteca. Con alegación tan vaga e indefinida como la consignada en la petición de nulidad y de apertura de rebeldía no es posible que la sucesión de don Francisco Pizá tenga derecho a perturbar la sentencia consentida por las partes, por lo que la reso-

lución apelada debe ser revocada en todos sus extremos, ya que la intervención permitida era consecuencia de la nulidad decretada y de la apertura de rebeldía. Lo que parece demostrar la actuación de la sucesión Pizá es que trató de evitar el precepto del artículo 72 del Código de Enjuiciamiento Civil según el cual la intervención tiene que hacerse antes de la celebración del juicio, y la consiguiente doctrina expuesta en el caso *Pillot* v. *Pillot,* 21 D.P.R. 202.

Aquí deberíamos terminar esta opinión pero creemos conveniente hacer constar que después de interpuesto este recurso el apelante Cautiño compró a la sucesión apelada el crédito hipotecario que le sirvió para sus peticiones en este caso.