VALIENTE & Co., demandante y apelada, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, sustituído en apelación por RAFAEL SANCHO BONET, demandado y apelante.

Núm. 7134.—*Sometido:* Marzo 10, 1936. *Resuelto:* Agosto 1, 1936.

*Hon. Procurador General B. Fernández García y Manuel Cruz Horta,* abogados del apelante; *Edelmiro Martínez Rivera,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante Valiente & Co. es una sociedad mercantil y entabló una acción para recobrar del Tesorero de Puerto Rico la suma de $108.04 por contribuciones pagadas bajo protesta. El Tesorero impuso o intentó imponer dicha contribución por virtud de la Resolución Conjunta número 13, de julio 8, 1929, intitulada "Resolución Conjunta para crear una comisión para proteger el tabaco de Puerto Rico; fijar los deberes y facultades de la misma; imponer una contribución con el fin de crear un fondo que se llamará 'Fondo para la protección del tabaco de Puerto Rico', y para otros fines."

En la demanda se atacaba la constitucionalidad de la contribución, fundándose principalmente en que dicha contribución no podía ser impuesta por una resolución conjunta, sino solamente mediante un proyecto de ley (*bill*) convertido en ley (*act*) o por una ley (*act*). Con el propósito de comparar una resolución conjunta con las otras medidas que pudieren convertirse en ley, somos del criterio que las palabras "proyecto de ley" (*bill*) o "ley" (*act*) se usan como algo sinónimas en la Carta Orgánica. La demanda alegaba otros motivos de inconstitucionalidad. Estos otros motivos fueron declarados sin lugar por la corte de distrito, pero dicha

corte resolvió que este decreto (*act*), ley o estatuto, como pueda llamarse, no podía ponerse en vigor por medio de una resolución conjunta. El Tesorero presentó una excepción previa, la Corte de Distrito de San Juan sostuvo la misma respecto a los otros fundamentos de inconstitucionalidad y la declaró sin lugar respecto a la tercera causa de acción de la demanda, en que se atacaba la validez de la resolución conjunta.

Para algún fin que nos es innecesario considerar, la demandante enmendó su demanda y el demandado contestó. Entonces se radicó una estipulación de hechos que más o menos concuerda con los hechos esenciales arriba expuestos. La corte, considerando todas las alegaciones, y especialmente las excepciones previas, falló en favor de la demandante, ordenando la devolución de $88.14. En otras palabras, no estuvo de acuerdo con parte de la reclamación de la demandante atacando la constitucionalidad de la contribución por otras razones. Prácticamente la única cuestión ante nos es si la Legislatura de Puerto Rico puede realizar, mediante una resolución conjunta, lo que puede llevar a cabo por una ley iniciada a virtud de un proyecto (*bill*).

El Tesorero apeló. La apelada insiste en los otros motivos de inconstitucionalidad, solamente en caso de que esta corte dejase de sostener la invalidez de la resolución conjunta. El Tesorero apelante sostiene que todas las otras cuestiones fueron renunciadas.

■■■ La sección 34 de la Carta Orgánica, en una de sus cláusulas, contiene la siguiente disposición (Leyes de 1935, página 43):

"No se aprobará ninguna ley a no ser mediante un proyecto de ley, y ningún proyecto de ley será de tal manera alterado o enmendado al aprobarse por cualquiera de las Cámaras, que se cambie su propósito original."

Dicha sección 34 en sus primeras líneas contiene las siguientes palabras:

"Artículo 34.—La cláusula inicial de las leyes votadas será: 'Decrétase por la Asamblea Legislativa de Puerto Rico;' y de las resoluciones conjuntas: 'Resuélvese por la Asamblea Legislativa de Puerto Rico.' Excepto en aquellos casos que más adelante se proveen en esta ley, los proyectos de ley y las resoluciones conjuntas podrán originarse en cualquiera de las Cámaras."

Se desprende inmediatamente que el Congreso usó las palabras *"bill"* (proyecto de ley) y *"act"* (ley) como sinónimas para los fines del presente caso, esto es, para definir cómo cada una de estas medidas debía ser decretada. La sección 34, supra, es sumamente larga y no intentaremos transcribirla en su totalidad, pero en su primera parte menciona la palabra "proyecto de ley" (*bill*) varias veces y no se refiere a la "resolución conjunta." En otra parte de dicha sección, bastante después de las palabras ya citadas, "no se aprobará ninguna ley a no ser mediante un proyecto de ley, etc.", aparece lo siguiente:

"Toda orden, resolución o votación, para la cual sea necesaria la concurrencia de ambas Cámaras, con excepción de la que trate sobre la cuestión de suspensión de las sesiones, o se refiera únicamente a la tramitación de asuntos de las dos Cámaras, será presentada al Gobernador, y antes de que entre en vigor será aprobada por él, o, si fuere desaprobada, deberá ser pasada de nuevo por las dos terceras partes de los miembros de ambas Cámaras, de acuerdo con las reglas y restricciones prescritas cuando se trata de un proyecto de ley (*bill*)."

Por consiguiente, es evidente que el Congreso estaba claramente distinguiendo una resolución conjunta de un proyecto de ley.

Se han hecho varios esfuerzos para definir lo que puede hacer una Legislatura mediante una resolución conjunta, especialmente, suponemos, en aquellas jurisdicciones cuyas constituciones son similares a la nuestra, al requerir que ninguna ley se aprobará a no ser mediante un proyecto de ley. Una legislatura puede, a través de una resolución conjunta, hacer ciertas cosas respecto a su administración interna o

sus asuntos o puede a través de la misma aprobar algunas medidas que tengan claramente un carácter temporero.

Ahora bien, sucede que el Congreso de los Estados Unidos puede decretar una ley lo mismo mediante un *"act"*, entiéndase un *"bill"*, que por una "resolución conjunta", y asimismo lo pueden hacer varias legislaturas estaduales. La apelada en su alegato hace un resumen de las varias jurisdicciones que tienen disposiciones constitucionales similares a las nuestras y de aquéllas que no las tienen.

La Corte de Distrito de San Juan razonó que el Congreso necesariamente sabía lo que estaba haciendo cuando dispuso que "no se aprobará ninguna ley a no ser mediante un proyecto de ley"; que si dicho cuerpo hubiera deseado permitir que las leyes fueran aprobadas o presentadas indistintamente a través de un proyecto de ley o una resolución conjunta, todo lo que hubiera tenido que hacer hubiera sido omitir dicha fraseología. La corte inferior citó varios casos de California y de Colorado que sostienen el punto de vista del juez. Ellos son: *People* v. *Toal,* 85 Cal. 333; *Mullan* v. *State,* 144 Cal. 578, y *Collier & C. Lithographing Co.* v. *Henderson,* 18 Colo. 259.

En el alegato del apelante el argumento principal, hasta donde podemos seguirlo, es más o menos que el promulgar leyes mediante un proyecto de ley o una resolución conjunta constituye un derecho inherente de una legislatura o algo parecido. El esfuerzo principal del gobierno fué analizar los casos citados por la corte de distrito para demostrar que las constituciones de California y Colorado eran diferentes y que los casos, por otras razones, no eran aplicables. Uno de los fundamentos de dicha distinción era que en uno o dos de los casos citados por el juez, la resolución conjunta no fué aprobada por el gobernador. Hemos examinado los casos y encontramos que en cada uno de ellos la corte dió como razonamiento principal, o como uno de sus razonamientos, el hecho de que ninguna ley podía ser decretada a no ser mediante un proyecto de ley.

La apelada no se basa exclusivamente en estos tres casos, sino que cita otros más o menos al mismo efecto, como sigue: *May* v. *Rice, Auditor,* 91 Ind. 546; *Ex parte Hagne,* 144 Atl. 546.

No vemos manera alguna de evitar el llegar a la conclusión de que la Resolución Conjunta número 13 del 8 de julio de 1929, fué inefectiva en su propósito e inconstitucional, y que la *sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.