ASAMBLEA MUNICIPAL DE TOA BAJA, representada por su PRESIDENTE DON MIGUEL HERRERO, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. LUIS SAMALEA IGLESIAS, JUEZ, demandada.

Núm. 1106.—*Sometido:* Junio 22, 1937. *Resuelto:* Junio 25, 1937.

*C. Iriarte, F. Fernández Cuyar* y *Héctor González Blanes,* abogados de la peticionaria; *Angel M. Villamil,* abogado del interventor Sr. Marchand.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 28 de mayo último Luciano Marchand presentó a la Corte de Distrito de Bayamón una petición jurada acompa-

ñada de copia certificada a la Resolución Conjunta de la Asamblea Legislativa de Puerto Rico núm. 44, aprobada en mayo 12, 1937 (Leyes de 1936–37, pág. 625), en solicitud de un auto de *mandamus* perentorio dirigido a la Asamblea Municipal de Toa Baja. Acto seguido, sin oír a la Asamblea Municipal, ordenó la corte la expedición del auto en la forma solicitada.

Al siguiente día, mayo 29, 1937, acudió la Asamblea Municipal a esta Corte Suprema en solicitud de un auto de *certiorari* para revisar el procedimiento seguido en la corte de distrito. El auto fué expedido, señalándose la vista del mismo para junio 14 actual.

En dicho día sólo compareció Luciano Marchand por su abogado. La corte de distrito remitió los autos originales en el caso de *mandamus* y la Asamblea Municipal radicó un alegato en apoyo de su contención. Para contestar por escrito dicho alegato se concedió tiempo a Marchand habiendo archivado su contestación el 22 de junio en curso.

Con todos los datos necesarios ante nos, procederemos al estudio y resolución de la cuestión debatida, a saber: si la corte de distrito actuó o no de acuerdo con los hechos y la ley al expedir el auto perentorio de que se trata en la forma en que lo hizo.

En la petición de Marchand se alegó que allá para el 1930 el Municipio de Toa Baja le compró medicinas para enfermos pobres por valor de $1,186.40 en exceso de la asignación presupuestal, reconociendo la Asamblea Municipal en sesión celebrada en mayo 22, 1930, la deuda, según acuerdo que se transcribe en la petición así:

"La Asamblea Municipal por unanimidad acuerda reconocer las cuentas presentadas por los señores Andréu Aguilar y Comp. y Lcdo. Luciano Marchand por las cantidades de $1,192.50 y $1,186.40 por concepto de un automóvil marca Dodge Bros. y suministro de medicinas a pobres, respectivamente, comprada en época de emergencia y se ordena que esta documentación pase al Comité de Hacienda de la Asamblea para su informe. Acto inmediato se reúne el Comité

de Hacienda y aprueba sin discusión o enmiendas las aludidas cuentas. La Asamblea ratifica dicho acuerdo.''

Continúa alegándose que no obstante ese reconocimiento, la Asamblea no hizo en sus presupuestos la consignación necesaria para el pago; que según información del peticionario dicha Asamblea se encontraba reunida en sesión especial para confeccionar el presupuesto para 1937–38 y celebraría su última sesión el 28 de mayo, 1937, día en que la petición se archivaba, y se disponía a no hacer la consignación, a pesar de hallarse obligada por el artículo 46, inciso A, de la Ley Municipal.

Como complemento de alegaciones se expuso en la petición que la Asamblea Legislativa de Puerto Rico había pasado una Resolución Conjunta que el Gobernador de la Isla aprobó en 12 de mayo, 1937, por virtud de cuyas disposiciones el municipio venía obligado a pagar su deuda en dos plazos anuales.

Las secciones 1, 2 y 3 de dicha Resolución, leen como sigue:

''Sección 1.—Se autoriza al Auditor de Puerto Rico para que previa la correspondiente documentación, apruebe el pago con cargo a los fondos municipales del Municipio de Toa Baja y se autoriza además al Auditor Municipal de Toa Baja, para que pague la suma de $1,186.40 al Ledo. Luciano Marchand por el concepto de medicinas a pobres, despachadas antes del año 1930.

''Sección 2.—La deuda aquí indicada se pagará en la siguiente forma: $593.20 en el año económico de 1937–38 y $593.20 en el siguiente año económico.

''Sección 3.—La Asamblea Municipal de Toa Baja, en su sesión especial de cada año para trabajar sobre el presupuesto, fijará la parte correspondiente indicada en la sección 2 de esta Resolución.''

La súplica de la petición, copiada textualmente, dice:

''Por tanto, el peticionario, Luciano Marchand, fundándose en los artículos 649 al 661 del Código de Enjuiciamiento Civil (Ed. de 1933), especialmente el artículo 653, y el artículo 63, sección C de la Ley Municipal vigente, suplica a la Hon. Corte que en vista de los hechos aquí alegados y de las disposiciones legales aplicables, así

como de la resolución legislativa cuya copia se acompaña, se sirva expedir un auto perentorio de *mandamus* dirigido a la Asamblea Municipal de Toa Baja para que proceda a incluir en el presupuesto de ese municipio, correspondiente al ejercicio económico de 1937–38, la cantidad de $593.20, como mitad de la deuda reconocida al peticionario, quedando la otra mitad para consignar en el próximo presupuesto, y con cuya forma de pago está conforme el peticionario; y condenando asimismo a la Asamblea Municipal demandada, al pago de costas, gastos y honorarios de abogados que se ocasionen por virtud de esta petición.''

Con excepción de la imposición de las costas sobre lo cual nada resolvió la corte, se ordenó por ésta la expedición del mandamiento en la forma solicitada.

Convenimos en que puede expedirse un auto perentorio de *mandamus* tomando por base la sola petición, sin oír a la parte contraria. A ese respecto prescribe el artículo 653 del Código de Enjuiciamiento Civil, ed. 1933, ''Cuando el derecho para requerir el cumplimiento del acto es claro, y es evidente que no puede darse excusa alguna para dejar de hacer lo ordenado, puede concederse un *mandamus* perentorio en primera instancia. En todos los demás casos se dictará primero un auto condicional.'' Pero debe tratarse en verdad de un caso extraordinario en que el Juez quede convencido de la inutilidad de dar audiencia a la parte contra quien se libra porque a ésta le sería imposible presentar argumento alguno contrario a la expedición.

¿Es ése aquí el caso? Veámoslo.

En su petición de *certiorari* para sostener que no cabe el libramiento de un *mandamus* perentorio sin oír a la Asamblea, ésta sostiene que los hechos se alegan en la petición de *mandamus* en forma irregular y equivocada, habiéndose añadido·varias líneas al acuerdo de reconocimiento de deuda de 1930, transcribiéndose éste en la petición sin acompañarse copia certificada del mismo, copia que de haberse acompañado hubiera demostrado lo equivocado de la transcripción; que la resolución conjunta legislativa se limita a autorizar al muni-

cipio al pago de la deuda y no estaba aún en vigor al presentarse la petición ni lo estará hasta el mes de agosto próximo, y que la petición contiene hechos que requerían prueba y levanta cuestiones de derecho que podían controvertirse, como la de prescripción de la deuda que se intentaba cobrar, estando en realidad prescrita dicha deuda de acuerdo con el artículo 1867, inciso, 2, del Código Civil, ed. 1930.

Tiene razón a nuestro juicio la Asamblea.

No obstante estar reconocida la deuda desde 1930 y haberse aprobado la Resolución Conjunta en mayo 12, 1937, se esperó hasta exactamente el 28 de mayo, último día en que la Asamblea estaría reunida, para presentar la petición.

No se acompañó copia certificada del acuerdo de reconocimiento y sobre la necesidad de ello habla la copia certificada archivada por la Asamblea demostrativa de que el acuerdo según consta en el Libro de Actas no contiene lo que sigue y que figura al final del transcrito en la petición: ''Acto inmediato se reúne el Comité de Hacienda y aprueba sin discusión o enmiendas las aludidas cuentas. La Asamblea ratifica dicho acuerdo.'' Y la variación es substancial.

Si bien es cierto que las secciones 2 y 3 de la Resolución Conjunta parecen mandatorias, interpretadas en armonía con la primera y con el propósito general de la resolución, no puede concluirse que lo sean, sosteniéndose por la Asamblea que sólo interpretada como una autorización para actuar en el sentido indicado, colocaría la resolución dentro de las limitaciones constitucionales, citando en apoyo de su contención de Corpus Juris lo que sigue: ''Una ley de la asamblea legislativa que trate de fijar de manera definitiva la cantidad debida por una corporación municipal a un individuo particular, equivale a una tentativa por parte del poder legislativo de ejercer facultades judiciales, y es por tal motivo inconstitucional.'' 43 C. J. 281.

Además la propia petición de *mandamus* presentada en 1937 se refería a un reconocimiento de deuda hecho en 1930 por medicinas tomadas a un farmacéutico, expresándose que

la Asamblea había dejado de hacer en sus presupuestos las asignaciones necesarias para el pago, y sabido es que el artículo 1867, inciso 2, del Código Civil, ed. 1930, prescribe que:

"Artículo 1867.—Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

.   .   .   .   .   .   .   .   .   .   .

"2. La de satisfacer a los farmacéuticos las medicinas que suministraron; a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio.

.   .   .   .   .   .   .   .   .   .   .

No sostenemos que surja de los hechos de la petición la extinción de la deuda, pero sí que surge la posibilidad de que pueda aducirse la defensa de prescripción.

Lo conforme con el orden moral es que toda deuda legítima se pague. De ahí tal vez la autorización legislativa; de ahí quizá la actuación final que realice en su día la propia Asamblea solventando su deuda. Pero no puede desconocerse el hecho de que una actitud contraria podría asumirse por la Asamblea en uso del derecho que emana de la ley. Quizás ese derecho después de investigadas todas las circunstancias concurrentes y de estudiadas las cuestiones legales envueltas, se resuelva que no existe. Pero no puede asegurarse que no pueda surgir una cuestión debatible. Bajo tales circunstancias, no debió la corte resolver sin oír, como lo hizo en este caso.

En tal virtud, porque la resolución conjunta de que se trata autoriza, y no compele, a la asamblea a actuar, porque la deuda cuyo pago se ordena pudiera hallarse prescrita, porque es una cuestión a estudiar si la legislatura puede o nó ordenar a un municipio el pago de una deuda prescrita y porque aun asumiendo que la resolución legislativa tuviera carácter compulsorio y se hubiera dictado con facultad suficiente para ello, no estaba en vigor a la fecha de la petición, *creemos que el decreto de mandamus perentorio de la Corte*

844

*de Distrito de Bayamón debe anularse con devolución de los autos remitidos a la dicha corte a los fines que fueren procedentes.*

El Juez Asociado Señor Córdova Dávila no intervino.