CARLOS LAMOUTTE, demandante y apelado, *v.* JUNTA EXAMINADORA DE DENTISTAS, compuesta por los doctores L. RAMÍREZ SANTIBÁÑEZ, RAFAEL BECERRA y OSCAR MONAGAS, demandada y apelante.

Núm. 7612.—*Sometido:* Junio 14, 1938. *Resuelto:* Enero 19, 1939.

*R. Cuevas Zequeira,* abogado de la apelante; *C. H. Juliá,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La Junta Examinadora de Dentistas apela de una sentencia adversa dictada en un procedimiento de *mandamus* y sostiene que la corte de distrito cometió error al declarar sin lugar una moción para eliminar ciertos particulares de la petición de *mandamus*. El juez de distrito resolvió que las alegaciones en cuestión no eran redundantes o impertinentes. La apelante sostiene que de la faz de su moción se desprende que el juez de distrito estuvo equivocado. Hemos leído la moción y no nos es posible convenir con la apelante en que el error aquí señalado es por sí evidente. Sea ello como fuere, el error, de haberlo, no es de suficiente importancia que requiera la revocación de la sentencia.

■ El segundo señalamiento es que la corte de distrito cometió error al declarar con lugar la petición y al dictar la sentencia apelada. Tal vez bastaría decir que este señalamiento es demasiado general. Sin embargo, el argumento es que cierta resolución conjunta en que se basaron tanto la petición de *mandamus* como la sentencia de la corte de distrito era nula por los siguientes motivos:

(*a*) Porque el artículo 34 de la Carta Orgánica dispone que "no se aprobará ninguna ley a no ser mediante un proyecto de ley;"

(*b*) Porque ésta prohibe que se enmiende una ley "haciendo referencia a su título solamente;"

(*c*) Porque el artículo 2 dispone que no se pondrá en vigor ninguna ley que negare a una persona la protección igual de las leyes;

(*d*) Porque la Asamblea Legislativa de Puerto Rico no puede invadir los poderes judiciales de que son investidas las cortes por el artículo 40;

(*e*) Porque el artículo 34 también provee que "el Presidente de cada Cámara firmará, en presencia de la Cámara que presida, todos los proyectos de ley y resoluciones conjuntas aprobados por la Asamblea Legislativa, después que sus títulos hayan sido leídos públicamente, inmediatamente antes de firmar; y el hecho de firmar se hará constar en el acta."

Las secciones pertinentes de la resolución conjunta en cuestión (leyes de 1936, Resol. núm. 67, pág. 1295) leen así:

"Sección 1.—Por la presente se declara que Carlos Lamoutte con anterioridad al 25 de julio de 1898, y desde esa fecha, hasta el día de hoy, ha venido ejerciendo y ejerce la profesión de cirujano dentista.

"Sección 2.—Que de acuerdo con el párrafo 14 de la Orden General Militar Núm. 191 de 27 de noviembre de 1899, y por tolerancia del Gobierno de España, por haber ejercido esa profesión bajo dicho Gobierno, podía adquirir una licencia para el ejercicio de la misma y no la adquirió por olvido involuntario y desconocimiento de las órdenes generales militares.

"Sección 3.—Que Carlos Lamoutte ha ejercido esa profesión por un término de cerca de cuarenta años.

"Sección 4.—Que la Junta Examinadora de Dentistas proceda a expedir al referido Carlos Lamoutte una licencia como cirujano dentista.

"Sección 5.—Que esa licencia sea expedida por la Junta Examinadora de Dentistas en la forma que lo disponía la Orden General Militar Núm. 191 de 27 de noviembre de 1899 y al efecto se le confiera autoridad a la Junta Examinadora de Dentistas para así hacerlo."

La resolución conjunta que estuvo ante este tribunal en el caso de *Valiente & Cía.* v. *Sancho Bonet, Tesorero,* 50 D.P.R. 586, fué una resolución conjunta para "imponer una contribución con el fin de crear un fondo que se llamará 'Fondo para la Protección del Tabaco de Puerto Rico' y para otros fines" (Sesión Extraordinaria de 1929, Resol. núm. 13, pág. 75). La sección 2 de esta resolución conjunta provee:

"Con el fin de dar cumplimiento a las disposiciones de esta Ley, se impondrá o cobrará una contribución de un cuarto (¼) de centavo por cada libra de tabaco que se coseche en Puerto Rico; *Disponiéndose,* que esta contribución sólo podrá cobrarse por una sola vez cada año en el momento de efectuarse la venta por el productor, quedando éste obligado a dejar en poder del comprador la cantidad de un cuarto (¼) de centavo por cada libra de tabaco, según se dispone por la presente sección, y el comprador a su vez pagará dicha contribución al Tesorero de Puerto Rico en la forma que éste prescriba en el reglamento que dictará al efecto. La contribución que por la presente se impone, se considerará como un gravamen preferente sobre el tabaco cosechado. El Tesorero de Puerto Rico queda obligado a recaudar dicha contribución, y por la presente se le autoriza para dictar las reglas y reglamentos que fueren necesarios para su recaudación."

Hasta ese punto, por lo menos, la resolución conjunta de 1929 era una "ley" dentro del significado de esa palabra conforme la misma es usada en el artículo 34 de la Carta Orgánica. La resolución conjunta envuelta en el presente caso no es semejante "ley." No fué una enmienda a nin-

guna ley dentro del significado de la disposición que prohibe que se enmiende una ley "haciendo referencia a su título solamente." Meramente crea una exención. No niega a ninguna persona la igual protección de las leyes. No discrimina contra otros aspirantes, de haberlos, que puedan hallarse en la misma situación o en situación similar. No es sino lógico asumir que semejante aspirante puede acudir a la Asamblea Legislativa y al presentar un caso adecuado obtener una medida parecida. No hay invasión alguna del poder judicial. Las únicas autoridades citadas por la apelante difícilmente puede decirse que exijan una conclusión distinta. Éstas son:

> *Asamblea Municipal* v. *Corte de Distrito,* 51 D.P.R. 838. *Marín Water etc. Co.* v. *Cal. Railroad Commission,* 171 Cal. 706, 712.

> Cooley Constitutional Limitations (séptima edición) 132. *Sinking Fund Cases,* 99 U. S. 700, 761.

■ La apelante hace referencia a una admisión de las partes en el sentido de que, estando el Presidente en el *floor* tomando parte en un debate, Rafael Alonso Torres firmó la resolución conjunta como Presidente. El juez de la corte de distrito en su relación del caso y opinión menciona una estipulación al efecto de que la resolución conjunta fué firmada por Alonso Torres—Representante por Acumulación y Vicepresidente de la Cámara—como Presidente Interino, mientras el Presidente pronunciaba un discurso en el *floor* de la Cámara. La estipulación de referencia no está ante nos. El juez de distrito resolvió que debe presumirse que la resolución fué firmada por los funcionarios que presidían ambas Cámaras, mas dijo que de todos modos el Presidente Interino era el Presidente de facto de la Cámara. Ninguna de estas dos conclusiones se señala como error y este aspecto del caso no ha sido discutido por la apelante. No podemos asumir con el letrado de la apelante que la resolución conjunta es nula meramente por haber sido firmada por Alonso

Torres como Presidente de la Cámara mientras el Presidente se hallaba en el *floor*.

*La sentencia apelada debe ser confirmada.*

· Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.