Amelia Valentín, peticionaria y apelante, *v.* Corte Munici-
pal de Bayamón, Hon. José N. Quiñones, Juez, deman-
dada y Jesús Rosado, interventor y apelado.

Núm. 8668.—*Sometido:* Mayo 6, 1943. *Resuelto:* Junio 11, 1943.

*Pedro Amado Rivera* y *A. Rivas,* abogados de la apelante; *P. J. San-
tiago Lavandero,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del
tribunal.

Éste es un recurso de *certiorari* en el que está envuelta
una cuestión de intervención. Procede de la Corte de Dis-
trito de Bayamón.

Amelia Valentín demandó en la corte municipal en rei-
vindicación de una finca a Nicomedes Rosado y Carmen Elías.
Éstos excepcionaron la demanda. Sus excepciones fueron
declaradas sin lugar, concediéndoseles permiso para contes-
tar. Pidieron prórroga y, además, un pliego de particulares.
La corte accedió y el pliego les fué servido. No contestaron
y se anotó su rebeldía. Se celebró el juicio con la compare-
cencia de ambas partes. Se practicó prueba. Y la corte dictó
sentencia declarando la demanda con lugar. Los demanda-
dos apelaron para ante la corte del distrito, siendo su ape-
lación desestimada por no haberse perfeccionado de acuerdo
con la ley.

Volvió el caso a la corte municipal y Jesús Rosado, ale-
gando ser dueño de la finca objeto de la reivindicación, pidió

que se le permitiera intervenir en el pleito. Se opuso la demandante y la corte permitió la intervención.

Fué entonces que la demandante acudió en certiorari a la corte del distrito. El auto fué expedido y, oídas las partes interesadas, anulado. Contra la orden anulatoria interpuso la demandante el presente recurso de apelación.

El juez de distrito se expresó en su opinión, como sigue:

"El peticionario Jesús Rosado al solicitar se anule el auto de *certiorari* expedido, se funda en el art. 74 del Código de Enjuiciamiento Civil.

"Dicho artículo dice así: (se transcribe).

"El lenguaje usado en el artículo transcrito nos parece suficientemente claro:

" 'y cuando en una acción ejercitada para obtener la posesión de propiedad inmueble o mueble, una persona, que, sin ser parte en el juicio tuviere interés en el asunto litigado, solicite de la corte que se le considere como parte, podrá así ordenarse por medio de la correspondiente enmienda.'

"El peticionario en este caso no fué parte en el litigio, pero al enterarse pidió intervenir por el fundamento de ser el dueño de la propiedad reclamada en el pleito.

"En el caso de *Muñoz* v. *Corte,* 54 D.P.R. 930, se permitió la intervención de un aparcero 'aun en el período de ejecución de sentencia.'

" " *          *          *          *          *          *          *

"Por los fundamentos expuestos, la corte es de la opinión que debe anularse el auto expedido en este caso, como así lo ordena, debiendo devolverse el expediente a la corte de su origen para ulteriores procedimientos."

Creemos que asiste la razón a la apelante.. El precepto de ley aplicable es el artículo 72 del Código de Enjuiciamiento Civil que permite la intervención según sus términos expresos "antes de la celebración del juicio" y aquí no sólo se había celebrado el juicio cuando se pidió la intervención si que se había dictado sentencia resolviendo el litigio, sentencia que quedó confirmada a virtud de la desestimación del recurso de apelación contra la misma interpuesto.

"La demanda de intervención," dijo esta Corte en *Pillot* v. *Pillot* y *Balestier*, 21 D.P.R. 200, 202, "y la moción pidiendo permiso para presentarla fueron radicadas el 27 de abril del corriente año, después que se había dictado sentencia en rebeldía contra la parte demandada el 13 del mismo mes, y por tanto se hizo la radicación no antes, sino después del juicio. Y no puede alegar el apelante en su favor la circunstancia de haberse fallado el pleito en rebeldía y solicitádose la apertura de ella. A esa alegación oponemos la doctrina establecida por la Corte Suprema de California interpretando el artículo 387 del Código de Enjuiciamiento Civil de dicho Estado, equivalente al 72 del nuestro, en el caso de *Hibernia Savings and Loan Society* v. *Churchill*, 128 Cal. 633, 61 Pac. 278:

" 'Es una regla general . . . que no se permitirá la intervención cuando retarde el pleito principal o cuando exija que se vuelva a abrir el caso para presentación de más prueba o cuando dilate la celebración del juicio del pleito principal o cambie la posición de las partes primitivas. *Van Gorden* v. *Ormsby*, 55 Iowa 657, 8 N. W. 625; *Boyd* v. *Heine*, 41 La. Ann. 393, 6 South. 714; *Ragland* v. *Wisrock*, 61 Tex. 391; *Cahn* v. *Ford*, 42 La. Ann. 965, 8 South. 477; *Mayer* v. *Stahr*, 35 La. Ann. 57. Con el fin de impedir la intrusión de extraños después de haber quedado resueltas las cuestiones planteadas entre las partes primitivas, nuestro código expresamente dispone que la intervención se verifique "antes del juicio"; y una rebeldía por la cual todas las alegaciones de la demanda son admitidas a favor del demandante es equivalente a un juicio cuando el caso se litiga. . . .' "

Es cierto que esta propia corte en el caso de *Carrasquillo* v. *Ripoll* y *Montalvo, Int.*, 56 D.P.R. 318, 322, dijo:

"Sin embargo, la limitación en cuanto al tiempo de radicar la petición, persigue el propósito de impedir dilación en el pleito principal y evitar afectar la sentencia dictada. *Benítez* v. *Tabacaleros, etc., y Fed. Int. Credit Bank*, 50 D.P.R. 791, y jurisprudencia citada.

"En el caso de autos la sentencia que pueda dictarse en el incidente de intervención en manera alguna afecta la ya dictada y ejecutada contra Ripoll. Por consiguiente, actuó correctamente la corte inferior al conceder permiso para intervenir, no obstante haberse dictado y ejecutado la sentencia en el pleito principal."

Pero aquí no se trata de la misma situación. Tampoco de la del caso citado ni de la del en que se basó la corte inferior.

En esos casos las intervenciones permitidas no lo fueron en contra de la regla general. Aquí la intervención exigía la apertura de un caso que había sido ya resuelto por sentencia firme y, al concederse, se violó la ley en su letra y en su espíritu.

Lo que se resolvió en *Benítez,* supra, fué lo que sigue:

"La jurisprudencia que hemos examinado parece establecer una distinción entre aquellas intervenciones que tienen por objeto la discusión de los méritos de la controversia entre demandante y demandado y aquéllas cuyo único objeto es la protección de los derechos del interventor sobre propiedad embargada y sobre la cual se trata de hacer efectiva la sentencia dictada o que se pueda dictar en el pleito, sosteniendo que la primera clase de intervenciones deben ser interpuestas antes del juicio, de acuerdo con los requisitos técnicos del estatuto, y que las que se refieren simplemente a la determinación de los derechos respectivos sobre propiedad embargada pueden ser interpuestas en cualquier momento, siempre que el interventor actúe con la debida diligencia."

Se cita de 20 R.C.L. 688, sec. 27, y de 123 Am. St. Rep. 295, 309, y se continúa diciendo:

"La petición de intervención en el caso de autos presentaba a la consideración de la corte inferior una sola cuestión, o sea si los cánones de arrendamiento eran en la fecha en que se practicó el embargo propiedad de la corporación demandada o si habían pasado ya a ser propiedad del banco interventor, no estando por tanto sujetos a embargo. Esa cuestión en nada podía afectar la controversia principal entre demandante y demandado, ni tampoco la sentencia en rebeldía dictada en el caso. . . ." *Benítez* v. *Tabacaleros, etc. y Fed. Int. Credit Bank,* 50 D.P.R. 791, 796, 797.

226

Siendo lo decidido en *Muñoz*, supra, copiando del resumen, lo que sigue:

"Una corte puede permitir que una persona intervenga en la ejecución de una sentencia por ella dictada.

"Aun cuando sería mejor resolver la cuestión en pleito independiente y no dentro de una acción en ejecución de hipoteca, para evitar multiplicidad de litigios, dentro de su discreción, la corte puede permitir a un aparcero que comparezca en esa acción, aun en el período de ejecución de sentencia, para arreglar la controversia entre las partes en cuanto a reclamaciones que dicho aparcero pueda tener respecto a la propiedad hipotecada y poner así término a la acción. Con el ejercicio de esa discreción no se intervendrá en ausencia de abuso." *Muñoz v. Corte*, 54 D.P.R. 930, 931.

Mientras que aquí, después de haberse dictado sentencia declarando a la demandante dueña de una finca detentada por los demandados, la intervención se pidió por un hijo de éstos para alegar y probar que era dueño de la finca en cuestión por haberla comprado al padre demandado en junio 1, 1938.

*Debe revocarse la orden apelada y dictarse otra dejando sin efecto la resolución de la Corte Municipal de Bayamón de julio 10, 1941 permitiendo a Jesús Rosado intervenir en el pleito civil número 379 de dicha corte, Amelia Valentín v. Nicomedes Rosado y Carmen Elías sobre reivindicación, y la de 5 de agosto siguiente negando su reconsideración, ordenándose la devolución del caso a la dicha corte municipal para ulteriores procedimientos no inconsistentes con esta opinión.*